IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ) | Bankruptcy No. 15-23771-CMB |
| ) | |
| STEVEN PIPER, ) | Chapter 7 |
| ) | |
| Debtor. ) | |
| ) | |
| ) | |
| JEAN H. GEDEON, t/d/b/a PITTSBURGH ) | |
| YOUTH BALLET, ) | |
| ) | |
| Plaintiffs, ) | Adversary No. 15-2209-CMB |
| ) | |
| v. ) | Related to Doc. No. 8 |
| ) | |
| BALLET ACADEMY OF PITTSBURGH, ) | |
| INC., A Pennsylvania Corporation, ) | |
| LINDSAY PIPER, STEVEN PIPER, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

The matter before the Court is *Plaintiff's Motion to Remand* ("Motion to Remand"). Steven Piper, a defendant in this proceeding as well as the debtor in the above-captioned bankruptcy case, filed a *Notice of Removal* commencing this adversary proceeding by removing the civil action pending in the Court of Common Pleas of Allegheny County ("State Court Action") to this Court. The Motion to Remand followed. Upon consideration of the Motion to Remand, response thereto, the parties' briefs, and the arguments presented at the hearing held on March 10, 2016, this Court finds for the reasons set forth herein that abstention and remand are appropriate on the facts presented.

1

Background and Procedural History

The State Court Action was commenced on August 15, 2006, in the Court of Common Pleas of Allegheny County ("State Court") when Jean H. Gedeon t/d/b/a Pittsburgh Youth Ballet (hereinafter "Ms. Gedeon") filed a complaint against Lindsay Piper, Steven Piper, and the Ballet Academy of Pittsburgh (collectively, "Piper Defendants"). In the State Court Action, Ms. Gedeon alleges fraud, defamation, and misappropriation of a trade secret. The case proceeded in State Court until the filing of Mr. Piper's *Notice of Removal* on October 23, 2015, asserting that the State Court Action is related to his bankruptcy case.

Also relevant to the background of this matter is Ms. Gedeon's bankruptcy case. On August 2, 2007, Kenneth J. Gedeon and Jean H. Gedeon d/b/a Pittsburgh Youth Ballet filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. *See* Case No. 07-24894 ("Gedeon Bankruptcy"). Although the case was closed in 2009, the case was reopened over two years later at the request of the Chapter 7 Trustee, Jeffrey J. Sikirica, Esq. ("Trustee Sikirica"), in order to employ special counsel to pursue the State Court Action. Thereafter, the case was once again closed, excepting the claims against the Piper Defendants from abandonment and providing for the reopening of the case in the event of a recovery or offer to settle the claims.

On November 19, 2014, the Gedeon Bankruptcy was reopened for the second time at the request of Trustee Sikirica. Following reopening, Trustee Sikirica was presented with an offer by the Gedeons to purchase the claims in the State Court Action as well as an offer of settlement on behalf of the Piper Defendants. Ultimately, on April 30, 2015, Trustee Sikirica sought approval of a stipulation with the Gedeons, which was subsequently approved. The stipulation provided for the bankruptcy estate's continued control and pursuit of the claims against the Piper Defendants; $25,000.00 to be paid by the Gedeons to Trustee Sikirica as property of the estate;

2

and the potential for funds to flow into the estate should there be a recovery in the action. Thus, as of July of 2015, the State Court Action was to continue with a potential benefit to the Gedeons' bankruptcy estate.

Notably, however, the Piper Defendants indicated that a bankruptcy filing would likely occur if a settlement of the State Court Action was not achieved. Accordingly it was of no surprise that on October 15, 2015, Mr. Piper filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code halting the progress of the State Court Action. Approximately one week after filing the petition, Mr. Piper removed the State Court Action to this Court. The Motion to Remand followed.

Within the Motion to Remand, Ms. Gedeon seeks abstention pursuant to either 28 U.S.C. §1334(c)(1) or (2), remand, and relief from the automatic stay for the purpose of liquidating the claims in state court. Alternatively, Ms. Gedeon requests that the claims against Mr. Piper be severed from the claims against Lindsay Piper and the Ballet Academy of Pittsburgh thereby permitting the latter claims to be remanded to the State Court. In opposition, Mr. Piper asserts that abstention and remand are not warranted and the request for relief from stay was not properly raised through this motion in an adversary proceeding.

While the Motion to Remand remained pending, Ms. Gedeon filed a *Complaint to Determine Dischargeability of Debt* ("Dischargeability Complaint") against Mr. Piper. *See* Adv. No. 16-2009. Therein, Ms. Gedeon, relying upon the claims asserted against Mr. Piper in the State Court Action, contends that the resulting debt is nondischargeable pursuant to 11 U.S.C. §523(a)(6). Mr. Piper filed a motion to dismiss the Dischargeability Complaint. Ms. Gedeon opposed the motion, and a hearing was held on March 10, 2016. The matter was taken under advisement at that time and will be addressed separately by the Court.

Also on March 10, 2016, oral argument was heard on the Motion to Remand. The parties previously filed briefs in support of their respective positions, and the matter is now ripe for decision.

## Analysis

The *Notice of Removal* was filed pursuant to 28 U.S.C. §1452(a), which provides as follows:

> A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

Accordingly, removal requires an evaluation of jurisdiction as provided in §1334:

> (a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.
> (b) Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

*See* 28 U.S.C. §1334(a), (b). District courts are authorized to refer said cases and proceedings to bankruptcy courts pursuant to 28 U.S.C. §157(a).[1] Of the four types of matters to which bankruptcy court jurisdiction extends, (1) cases under title 11, (2) proceedings arising under title 11, and (3) proceedings arising in a case under title 11 are identified as "core" proceedings. *See Stoe v. Flaherty*, 436 F.3d 209, 216-17 (3d Cir. 2006). As to proceedings merely "related to" a case under title 11, those are identified as "non-core" proceedings. *See id*. Distinguishing

---

[1] Although this action was removed directly to this Court as opposed to the District Court, it does not appear to be reason for objection due to the District Court's standing order of reference to this Court (pursuant to which cases under title 11 and proceedings arising under title 11 or arising in or related to a case under title 11 are referred to the bankruptcy judges of this district for consideration and resolution) and for the reasons set forth in *Geruschat v. Ernst Young LLP* (*In re Seven Fields Development Corp.*), 505 F.3d 237, 247 n.8 (3d Cir. 2007).

between core and non-core proceedings is not necessary for resolving the question of subject matter jurisdiction.

Although a court may possess jurisdiction, whether a matter is core or non-core is relevant to the determination of abstention. Mandatory and permissive abstention are provided for in 28 U.S.C. §1334(c):

> (c)(1) Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.
> (2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

If a court determines that it must or should abstain from hearing a case, it can then consider whether there is an equitable ground to remand pursuant to 28 U.S.C. §1452(b). *See Stoe*, 436 F.3d at 215.

Beginning with abstention pursuant to 28 U.S.C. §1334(c)(1), the Court notes that "permissive abstention applies to both core and non-core proceedings." *See Bricker v. Martin*, 348 B.R. 28, 34 (W.D.Pa.2006). Courts generally consider a number of factors in deciding whether permissive abstention is appropriate:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. §1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to

> the bankruptcy court, (9) the burden of [the court's] docket, (10) the likelihood that the commencement of the proceeding in a bankruptcy court involved forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in a proceeding of non-debtor parties.

*See id.* The factors are flexibly applied, with no one factor being determinative. *Id.*

Without much need for elaboration, the Court notes that a number of the relevant factors support abstention. State law issues clearly predominate in the removed action, which involves non-debtor defendants. The proceeding was commenced in State Court well before the filing of this bankruptcy case, and the only jurisdictional basis for this proceeding to continue in this Court is 28 U.S.C. §1334. In addition, a demand for a jury trial was made in the State Court Action. These considerations all support remand.

In addition, there is some indication of forum shopping. Despite Mr. Piper's contention in opposition to the Motion to Remand that a timely adjudication cannot occur in State Court, the assertion appears to be misleading based upon the circumstances. Although the State Court Action was commenced in 2006, Mr. Piper filed the *Notice of Removal* just days before trial was to commence. The Court further notes that Counsel for Mr. Piper indicated the potential to file bankruptcy petitions for the non-debtor defendants in the State Court Action. To the extent it is suggested that bankruptcy cases would be filed in the event of remand in another attempt to remove the State Court Action to this Court, it would appear that the timely adjudication of the State Court Action is of little concern to the Piper Defendants as the tactic would result in additional litigation and further delay. Accordingly, this factor weighs in favor of abstention.

With respect to some of the remaining factors, a more in depth analysis is required. As the factors are intertwined, the Court considers a number of them together, including the effect on the administration of the estate, the degree of relatedness to the bankruptcy case, the substance rather than form of an asserted "core" proceeding, and the feasibility of severing the

state law claims from core bankruptcy matters. Notably, as Ms. Gedeon did not file a proof of claim in this case, the claims set forth in the State Court Action will not be resolved through the claims allowance process. In fact, at the time of removal and the filing of the Motion to Remand, there was little support for Mr. Piper's argument that the claims set forth in the State Court Action are core matters. However, subsequent to the filing of the Motion to Remand, Ms. Gedeon filed the Dischargeability Complaint, which relies upon a determination of Mr. Piper's liability in the State Court Action. The Dischargeability Complaint is undeniably core and will be decided by this Court. The Court, however, is not convinced that the pendency of the Dischargeability Complaint tips the scale in favor of retaining the State Court Action in this forum. Other considerations also come into play.

While a decision to abstain and remand the State Court Action may impact the time to proceed with the Dischargeability Complaint, it is not entirely uncommon for relief from stay to be granted and a dischargeability proceeding to be delayed pending the outcome of a state court proceeding. Notably, depending upon the outcome of the State Court Action, the Dischargeability Complaint may be rendered moot. On the other hand, a decision in the State Court Action may result in issues of collateral estoppel with respect to dischargeability. The Court is confident that such matters could be easily resolved. While this Court makes no determinations at this time, the potential application of collateral estoppel may streamline the dischargeability proceeding. This Court is unconvinced that abstention and remand of the State Court Action would result in a denial of a determination by this Court on the issue of dischargeability as Mr. Piper suggests.

With respect to the administration of this case, while this Court's calendar *may* permit a trial to be held here prior to the time a trial could occur in State Court, there is no guarantee that

7

this matter would be resolved sooner in this forum and the potential for an earlier trial would not be significant.[2] In this case, the Court finds the most convincing factor weighing in favor of abstention and remand to be the advanced stage of the State Court proceedings versus the very preliminary stage of proceedings in this Court relative to these matters. In fact, based upon the record, the State Court's familiarity with this case is extensive and may result in a more expeditious decision in that forum. It is also noteworthy that a jury trial was demanded, potentially causing additional delay if the case remains in bankruptcy court as a withdrawal of the reference may be sought prior to trial being held.

In addition, there is an impact on the Gedeon Bankruptcy as well. By abstaining and remanding this case to State Court to permit continuation of the action at least as to the non-debtor defendants, the administration of that estate will benefit. Based upon consideration of the applicable factors, the unique circumstances of these bankruptcy cases, and the status of the State Court Action, this Court finds that most of the relevant factors weigh significantly in favor of abstention, and an equitable ground to remand exists.

As the Court has determined that it *should* abstain and remand, it need not determine if it *must* abstain and remand. The decision to abstain and remand, however, is not a decision to grant relief from stay to proceed against Mr. Piper in the State Court Action. The procedure by which Ms. Gedeon sought relief from stay within the Motion to Remand was addressed by the parties at oral argument. As indicated at that time, Ms. Gedeon intends to file an appropriate motion seeking relief from stay should remand be granted. Accordingly, no decision is rendered on that matter at this time.

---

[2] At oral argument, it was suggested that, should this Court grant the request for remand, a trial in State Court is likely to occur in September of 2016.

Conclusion

Therefore, based upon the foregoing, this Court finds that abstention and remand are appropriate. The State Court Action is remanded to the Court of Common Pleas of Allegheny County. Relief from stay to proceed against Mr. Piper, however, is not granted at this time. If an appropriate motion for relief from stay is filed, this Court will consider such a request on an expedited basis. An Order will be entered consistent with this Memorandum Opinion.

Dated: March 29, 2016                    __/s/ Carlota M. Böhm_____
                                          Carlota M. Böhm
                                          United States Bankruptcy Judge

FILED
3/29/16 3:24 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

**MAIL TO:**

Jason T. Shipp, Esq.

David L. Fuchs, Esq.